UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CAMERON INDUSTRIES, INC.,

                              Plaintiff,                    **RULE 7.1 STATEMENT**

        - against -                                          Case No.:  CV-08-2556

MAX RAVE, LCC,                                              **HON. DENISE COTE**

                              Defendant.

———————————————————————— x

**DEFENDANT'S DISCLOSURE
STATEMENT PURSUANT TO RULE 7.1**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant, MAX RAVE, LCC, by its attorneys, AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP affirms that BCBG MAXAZRIA GROUP, INC., a privately held California Corporation is the sole managing member of MAX RAVE, LLC. no publicly held corporation owns any of its stock.

Dated: New York, New York
        May 1, 2008

BY:  NEIL F. BRENES  (NB 9711)
AARONSON RAPPAPORT FEINSTEIN
& DEUTSCH, LLP
Attorneys for  Defendant
MAX RAVE, LCC
Office & P.O. Address
757 Third Avenue
New York, NY  10017-2013
Tel.: (212) 593-6700

SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000

646338v

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————— x

CAMERON INDUSTRIES, INC.

                Plaintiff,

    - against -

MAX RAVE, LCC,

                Defendant.
———————————————————— X

**VERIFIED ANSWER**

**Civil No:** *CV-08-2556*

**HON.  DENISE COTE**

Defendant, MAX RAVE, LLC, by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for its Verified Answer to plaintiff's Complaint, respectfully shows to this Court and alleges upon information and belief:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1.    Denies the allegations contained in paragraph "1" in the form alleged except admits that plaintiff purports to bring this action pursuant to the statutes cited therein.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2", "4", "5", "6", "7", "9", "10", "12", "13", "14", "15", "16", "19", "20", "21" and "22".

3.    Denies the allegations contained in paragraph "3" except admits that MAX RAVE, LLC is a Delaware limited liability company.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" except admits that a Certificate of Registration with No. VA-1-623-935 was issued to plaintiff.

5.    Denies the allegations contained in paragraphs "11", "23" and "24".

6.    Denies that MAX RAVE, LLC copied plaintiff's purportedly copyrighted design and denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraphs "17" and "18" in the form alleged.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE
### (Lack of Copying)

1.    MAX RAVE, LLC alleges it has not copied the constituent original elements, if any, of plaintiff's purported copyrighted work.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE
### (Lack of Substantial Similarity)

2.    MAX RAVE, LLC alleges there is a lack of similarity between the ideas and expressions of ideas in fabric and garments sold by MAX RAVE, LLC and plaintiff's purported copyrighted work.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

3.    Upon information and belief, plaintiff attempts to misuse it copyright, if any, to secure an exclusive right or monopoly not granted by the Copyright Office.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

4.    Plaintiff has failed to state a cause of action against MAX RAVE, LLC.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

5.    Plaintiff has sustained no loss or damages as a result of MAX RAVE'S alleged conduct.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

6.    Plaintiff has failed  to mitigate the damages, if any, that plaintiff has allegedly suffered.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7.    Plaintiff's claims are barred because plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and because plaintiff's delay in filing and pursuing this action has prejudiced MAX RAVE, LLC.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE
### (Fair Use)

8.    MAX RAVE, LLC alleges its conduct, as alleged in the complaint, constitutes fair use, is any, of plaintiff's purported copyrighted work.

## AS AND FOR THE NINTH AFFIRMATIVE ACTION
### (Waiver)

9.    MAX RAVE, LLC upon information and belief, alleges as a result of plaintiff's own conduct, affirmative statements and admissions, as well as a result of plaintiff's failure to timely assert any objection to the alleged wrongful or tortuous acts attributed to MAX RAVE, LLC that plaintiff has waived any cause of action and/or claim for relief in conjunction therewith, and thus is barred or precluded from maintaining such action or obtaining any judgment or relief whatsoever against MAX RAVE, LLC.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

10.    Plaintiff is estopped from asserting its claims because plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and because plaintiff's delay in filing and pursuing this action has prejudiced MAX RAVE, LLC.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Infringement)

11.    MAX RAVE, LLC alleges that it has not infringed plaintiff's purported copyrighted work, if any.

## TWELFTH AFFIRMATIVE DEFENSE
(Attorneys' Fees Improper)

12.    Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees against

MAX RAVE, LLC.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Design Not Protectable)

13.    MAX RAVE, LLC upon information and belief, alleges plaintiff's purported

copyrighted work, if any, is not protectable under the copyright or unfair competition law.

## FOURTEENTH AFFIRMATIVE DEFENSE
(No Malice)

14.    MAX RAVE, LLC alleges its alleged acts in connection with the manufacture and

sale of printed textiles were without malice, and were done in the good faith belief that such acts

were duly authorized and proper.

## FIFTEENTH AFFIRMATIVE DEFENSE
(De Minimus Damage)

15.    MAX RAVE, LLC alleges that its activities with respect to any sale or

distribution of clothing which may be alleged to infringe the purported intellectual property

rights of plaintiff are de minimus and small and did not cause damage to plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Copyrighted Work Not Original to Plaintiff)

16.    MAX RAVE, LLC upon information and belief, alleges plaintiff's copyright

registration, as identified in the Complaint, is invalid because it claims material originally

developed by persons other than plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Copyright Registration Is to Scenes A Faire)**

17.     MAX RAVE, LLC alleges plaintiff's copyright registration, as identified in the Complaint, is invalid because it is drawn to "Scenes A Faire," i.e. to a design that is ordinary, commonplace and/or standard in the art of textile printing.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Lack of Notice)**

18.     MAX RAVE, LLC upon information and belief, alleges plaintiff failed to properly mark its alleged copyrighted material and failed to give MAX RAVE, LLC written notice.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Innocent Infringement and Good Faith)**

19.     MAX RAVE, LLC alleges that, to the extent plaintiff's work was infringed, MAX RAVE, LLC acted in good faith, innocent of any knowledge or intent to infringe plaintiff's rights.  If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to plaintiff should be correspondingly reduced.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Copyright Misuse)**

20.     MAX RAVE, LLC upon information and belief, alleges plaintiff's claim of copyright infringement is barred, in whole or in part, by fraud or deception in the copyright registration process, or by misuse of registered copyrights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Unclean Hands)**

21.     MAX RAVE, LLC upon information and belief, alleges plaintiff's claims are

barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

22.    MAX RAVE, LLC alleges it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserve the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

## MAX RAVE'S ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF

MAX RAVE, LLC objects to the relief requested by plaintiff and deny that plaintiff is entitled to any relief whatsoever.  WHEREFORE, MAX RAVE, LLC prays for a judgment in its favor on plaintiff's Complaint as follows:

A.    That plaintiff takes nothing and be denied any relief whatsoever;

B.    That the Complaint be dismissed on the merits and with prejudice;

C.    That Copyright Registration VA 1-623-935 be declared invalid and not infringed by MAX RAVE, LLC;

D.    That MAX RAVE, LLC be awarded the costs incurred by them in connection with this action;

E.    That this case be declared an exceptional case pursuant, such that MAX RAVE shall be awarded their reasonable attorney's fees; and

F.    That MAX RAVE, LLC be awarded such other and further relief as the Court may deem just and proper.

**WHEREFORE**, defendant, MAX RAVE, LLC demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

646229v                                          6

Dated:  New York, New York
       May 1, 2008

Respectfully submitted,

_____
NEIL F. BRENES, ESQ. (NB 9711)
AARONSON RAPPAPORT FEINSTEIN
  & DEUTSCH, LLP
Attorneys for Defendant
MAX RAVE, LLC
Office & P.O. Address
757 Third Avenue
New York, New York 10017
(212) 593-6700

646229v