```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
CAMERON INDUSTRIES, INC.,            :    08 CIV. 2556 (DLC)
                                     :
                 Plaintiff,          :    PRETRIAL
       -v-                           :    SCHEDULING ORDER
                                     :
MAX RAVE LLC,                        :
                                     :
                 Defendant.          :
-------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-24-08
```

DENISE COTE, District Judge:

As set forth at the pretrial conference held pursuant to Rule 16, Fed.R.Civ.P., on June 20, 2008, the following schedule shall govern the further conduct of pretrial proceedings in this case:

1. The parties shall comply with their Rule 26(a)(1), Fed.R.Civ.P., initial disclosure obligations by **July 11, 2008**.

2. No additional parties may be joined or pleadings amended after **August 8, 2008**.

3. The parties are instructed to contact the chambers of Magistrate Judge Maas prior to **September 19, 2008** in order to pursue settlement discussions under his supervision.

4. Defendant's identification of experts and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed.R.Civ.P., must occur by **November 7, 2008**.

5. All fact discovery must be completed by **November 14, 2008**.

6. Plaintiff's disclosure of rebuttal expert testimony must occur by **December 12, 2008**.

7. All expert discovery must be completed by **January 16, 2009**.

8. The Joint Pretrial Order must be filed by **February 6, 2009**.

    As described in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: Proposed Findings of Fact and Conclusions of Law and a Memorandum of Law addressing all questions of law expected to arise at trial. Any responsive papers are due one week thereafter.

1

All direct testimony except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a witness for whom a party has requested and the Court has agreed to hear the direct testimony at trial, shall be submitted by affidavits served, **but not filed**, with the Joint Pretrial Order.

Those portions of depositions that are being offered as substantive evidence, along with a one page synopsis (with transcript citations) of such testimony for each deposition, shall be exchanged at the time the Pretrial Order is filed.

Three days after submission of the affidavits, counsel for each party shall submit a list of all affiants that he or she intends to cross-examine at the trial. Affiants for whom such notice is not given are not required to be present at trial.

Counsel will provide the Court with a one (1) courtesy copy of all these documents at the time they are served, as well as two sets of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

  IT IS HEREBY ORDERED that the case is placed on the **March 2009** trial ready calendar. You must be ready to proceed on 24 hours notice. You may contact the Deputy Clerk, Gloria Rojas, to learn where your case stands on the calendar.

  IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the trial.

1. All exhibits must be pre-marked.

2. At the start of the trial each party will present the Court with three copies of a complete exhibit list. The exhibits should include expert reports, and any charts or summaries of evidence.

3. Counsel should be available every day at 9:00 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

4. Testimony will generally be taken between 9:30 and 5:00 from Monday through Thursday. There will be a mid-morning, a mid-afternoon and a lunch break from 12:45 to 2:00 p.m.

5.  Counsel should make certain that they have custody of all
    original exhibits.  The Court does not retain them and the
    Clerk is not responsible for them.

Dated:   New York, New York
         June 23, 2008

                                    _____
                                          DENISE COTE
                                    United States District Judge